THE UNITED NEW JERSEY RAILROAD AND CANAL
COMPANY et al.

*v.*

WILLIAM McCULLEY.

[Decided November 10th, 1904.]

An action at law, by the owner of an unimproved lot, for damages resulting from the changing of the grade of a street upon which the land abuts, the change being made by a railroad company in improving its property, will not be enjoined, upon the ground that no liability arises unless the land has buildings thereon, this, if true, being a perfect defence at law.

On demurrer to bill.

*Mr. George T. Parrot* and *Mr. Joseph Cross,* for the defendant.

*Mr. Alan H. Strong,* for the complainants.

BERGEN, V. C.

This case is similar to that considered and determined in a cause between the same complainants and Francis Lewis and others,.in which I have just filed my conclusions (*supra, p. 437*). As the reasons given for the result in that cause are, in the main, applicable to this case, I refer to and adopt them as a justification for the conclusion reached here. The only difference in the cases is that in the *Lewis Case* the lands alleged to be injured were improved, having on them a dwelling-house, while here the lot was without any buildings.

It is contended, on behalf of the complainants, that the right to damages for changing the grade of a street is limited, as to the city of Elizabeth, to lots having buildings on them, and that no legal injury is sustained, whatever may be the change of grade, if the lot be vacant. It is not necessary to consider this

proposition, for if the complainants are right they have a perfect defence at law for any lawful act done as the agent of the city. That under the contract by virtue of which the work was done they were the employes of the city, was settled in *Clark* v. *Elizabeth, 61 N. J. Law (32 Vr.) 577, 585.*

The demurrer should be sustained.